# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. WADDELL, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>TREK BICYCLE CORPORATION, a Wisconsin Corporation; SHIMANO AMERICAN CORPORATION, a California Corporation; BONTRAGER CYCLES, INC. a California Corporation; and DOES 1 THROUGH 10, inclusive,<br><br>                  Defendants. | CASE NO.: SA CV15-02082 DOC (JCGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Courtroom:     9D<br>District Judge:  Hon. David O. Carter<br>Magistrate Judge: Hon. Jay C. Gandhi<br>Complaint Filed: October 19, 2015<br>Trial Date:     Not Assigned |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

1

1   only to the limited information or items that are entitled to confidential treatment

2   under the applicable legal principles.  The parties further acknowledge, as set forth

3   in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

4   file confidential information under seal; Civil Local Rule 79-5 sets forth the

5   procedures that must be followed and the standards that will be applied when a

6   party seeks permission from the court to file material under seal.

7         B. GOOD CAUSE STATEMENT

8         This action is likely to involve trade secrets, confidential business records,

9   and/or proprietary information for which special protection from public disclosure

10   and from use for any purpose other than prosecution of this action is warranted.

11   Such confidential and proprietary materials and information consist of, among other

12   things, confidential business information, information regarding confidential

13   business practices, or other confidential research, development, or commercial

14   information, information otherwise generally unavailable to the public, or which

15   may be privileged or otherwise protected from disclosure under state or federal

16   statutes, court rules, case decisions, or common law.  Accordingly, to expedite the

17   flow of information, to facilitate the prompt resolution of disputes over

18   confidentiality of discovery materials, to adequately protect information the parties

19   are entitled to keep confidential, to ensure that the parties are permitted reasonable

20   necessary uses of such material in preparation for and in the conduct of trial, to

21   address their handling at the end of the litigation, and serve the ends of justice, a

22   protective order for such information is justified in this matter.  It is the intent of the

23   parties that information will not be designated as confidential for tactical reasons

24   and that nothing be so designated without a good faith belief that it has been

25   maintained in a confidential, non-public manner, and there is good cause why it

26   should not be part of the public record of this case.

27   ///

28   ///

2014-1004

2.      DEFINITIONS

2.1 <u>Action</u>: *Kenneth Waddell v. Trek Bicycle Corporation, et al.*, Case No.: SA CV15-02082 DOC (JCGx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "<u>CONFIDENTIAL</u>" <u>Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

1    appeared in this Action on behalf of that party or are affiliated with a law firm

2    which has appeared on behalf of that party, and includes support staff.

3        2.11 <u>Party</u>: any party to this Action, including all of its officers, directors,

4    employees, consultants, retained experts, and Outside Counsel of Record (and their

5    support staffs).

6        2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

7    Discovery Material in this Action.

8        2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support

9    services (e.g., photocopying, videotaping, translating, preparing exhibits or

10   demonstrations, and organizing, storing, or retrieving data in any form or medium)

11   and their employees and subcontractors.

12       2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is

13   designated as "CONFIDENTIAL."

14       2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

15   from a Producing Party.

16   3.    SCOPE

17       The protections conferred by this Stipulation and Order cover not only

18   Protected Material (as defined above), but also (1) any information copied or

19   extracted from Protected Material; (2) all copies, excerpts, summaries, or

20   compilations of Protected Material; and (3) any testimony, conversations, or

21   presentations by Parties or their Counsel that might reveal Protected Material.

22       Any use of Protected Material at trial shall be governed by the orders of the

23   trial judge. This Order does not govern the use of Protected Material at trial.

24   4.    DURATION

25       Even after final disposition of this litigation, the confidentiality obligations

26   imposed by this Order shall remain in effect until a Designating Party agrees

27   otherwise in writing or a court order otherwise directs.  Final disposition shall be

28   deemed to be the later of (1) dismissal of all claims and defenses in this Action,

4

1  with or without prejudice; and (2) final judgment herein after the completion and

2  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

3  including the time limits for filing any motions or applications for extension of time

4  pursuant to applicable law.

5  5.      DESIGNATING PROTECTED MATERIAL

6      5.1 Exercise of Restraint and Care in Designating Material for Protection.

7  Each Party or Non-Party that designates information or items for protection under

8  this Order must take care to limit any such designation to specific material that

9  qualifies under the appropriate standards. The Designating Party must designate for

10  protection only those parts of material, documents, items, or oral or written

11  communications that qualify so that other portions of the material, documents,

12  items, or communications for which protection is not warranted are not swept

13  unjustifiably within the ambit of this Order.

14      Mass, indiscriminate, or routinized designations are prohibited. Designations

15  that are shown to be clearly unjustified or that have been made for an improper

16  purpose (e.g., to unnecessarily encumber the case development process or to

17  impose unnecessary expenses and burdens on other parties) may expose the

18  Designating Party to sanctions.

19      If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection, that Designating Party must

21  promptly notify all other Parties that it is withdrawing the inapplicable designation.

22      5.2 Manner and Timing of Designations. Except as otherwise provided in this

23  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

24  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25  under this Order must be clearly so designated before the material is disclosed or

26  produced.

27  ///

28  ///

5

1    Designation in conformity with this Order requires:

2    (a) for information in documentary form (e.g., paper or electronic documents,

3    but excluding transcripts of depositions or other pretrial or trial proceedings), that

4    the Producing Party affix at a minimum, the legend "CONFIDENTIAL"

5    (hereinafter "CONFIDENTIAL legend"), to each page that contains protected

6    material.  If only a portion or portions of the material on a page qualifies for

7    protection, the Producing Party also must clearly identify the protected portion(s)

8    (e.g., by making appropriate markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection

10    need not designate them for protection until after the inspecting Party has indicated

11    which documents it would like copied and produced. During the inspection and

12    before the designation, all of the material made available for inspection shall be

13    deemed "CONFIDENTIAL."  After the inspecting Party has identified the

14    documents it wants copied and produced, the Producing Party must determine

15    which documents, or portions thereof, qualify for protection under this Order.

16    Then, before producing the specified documents, the Producing Party must affix the

17    "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

18    portion or portions of the material on a page qualifies for protection, the Producing

19    Party also must clearly identify the protected portion(s) (e.g., by making

20    appropriate markings in the margins).

21    (b) for testimony given in depositions that the Designating Party identify the

22    Disclosure or Discovery Material on the record, before the close of the deposition

23    all protected testimony.

24    (c) for information produced in some form other than documentary and for

25    any other tangible items, that the Producing Party affix in a prominent place on the

26    exterior of the container or containers in which the information is stored the legend

27    "CONFIDENTIAL." If only a portion or portions of the information warrants

28    ///

6

1 protection, the Producing Party, to the extent practicable, shall identify the

2 protected portion(s).

3      5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

4 failure to designate qualified information or items does not, standing alone, waive

5 the Designating Party's right to secure protection under this Order for such

6 material. Upon timely correction of a designation, the Receiving Party must make

7 reasonable efforts to assure that the material is treated in accordance with the

8 provisions of this Order.

9 6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10      6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

11 designation of confidentiality at any time that is consistent with the Court's

12 Scheduling Order.

13      6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

14 resolution process under Local Rule 37.1 et seq.

15      6.3 The burden of persuasion in any such challenge proceeding shall be on

16 the Designating Party. Frivolous challenges, and those made for an improper

17 purpose (e.g., to harass or impose unnecessary expenses and burdens on other

18 parties) may expose the Challenging Party to sanctions. Unless the Designating

19 Party has waived or withdrawn the confidentiality designation, all parties shall

20 continue to afford the material in question the level of protection to which it is

21 entitled under the Producing Party's designation until the Court rules on the

22 challenge.

23 7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

24      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

25 disclosed or produced by another Party or by a Non-Party in connection with this

26 Action only for prosecuting, defending, or attempting to settle this Action. Such

27 Protected Material may be disclosed only to the categories of persons and under the

28 conditions described in this Order. When the Action has been terminated, a

STIPULATED PROTECTIVE ORDER
CASE NO. SACV15-02082 DOC (JCGx)

1  Receiving Party must comply with the provisions of section 13 below (FINAL

2  DISPOSITION).

3      Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons

5  authorized under this Order.

6      Outside Counsel of Record are responsible for ensuring that their employees

7  and any experts they retain comply strictly with this order.  Violation by an

8  employee of counsel or by an expert retained by counsel shall be deemed a

9  violation by counsel.

10     7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless

11  otherwise ordered by the court or permitted in writing by the Designating Party, a

12  Receiving Party may disclose any information or item designated

13  "CONFIDENTIAL" only to:

14     (a) the Receiving Party's Outside Counsel of Record in this Action, as well

15  as employees of said Outside Counsel of Record to whom it is reasonably necessary

16  to disclose the information for this Action;

17     (b) the officers, directors, and employees (including House Counsel) of the

18  Receiving Party to whom disclosure is reasonably necessary for this Action;

19     (c) Experts (as defined in this Order) of the Receiving Party to whom

20  disclosure is reasonably necessary for this Action and who have signed the

21  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22     (d) the court and its personnel;

23     (e) court reporters and their staff;

24     (f) professional jury or trial consultants, mock jurors, and Professional

25  Vendors to whom disclosure is reasonably necessary for this Action and who have

26  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27     (g) the author or recipient of a document containing the information or a

28  custodian or other person who otherwise possessed or knew the information;

1   (h) during their depositions, witnesses, and attorneys for witnesses, in the

2   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

3   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

4   will not be permitted to keep any confidential information unless they sign the

5   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

6   agreed by the Designating Party or ordered by the court. Pages of transcribed

7   deposition testimony or exhibits to depositions that reveal Protected Material may

8   be separately bound by the court reporter and may not be disclosed to anyone

9   except as permitted under this Stipulated Protective Order; and

10   (i) any mediator or settlement officer, and their supporting personnel,

11   mutually agreed upon by any of the parties engaged in settlement discussions.

12   Counsel of record shall maintain such certifications for experts and

13   consultants and shall provide copies of the certifications upon demand to counsel

14   for any opposing party.  Demand to one counsel of record for a party is deemed to

15   be a demand to all counsel of record for a party.

16   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

17   IN OTHER LITIGATION

18   If a Party is served with a subpoena or a court order issued in other litigation

19   that compels disclosure of any information or items designated in this Action as

20   "CONFIDENTIAL," that Party must:

21   (a) promptly notify in writing the Designating Party.  Such notification shall

22   include a copy of the subpoena or court order;

23   (b) promptly notify in writing the party who caused the subpoena or order to

24   issue in the other litigation that some or all of the material covered by the subpoena

25   or order is subject to this Protective Order.  Such notification shall include a copy

26   of this Stipulated Protective Order; and

27   (c) cooperate with respect to all reasonable procedures sought to be pursued

28   by the Designating Party whose Protected Material may be affected.

9

1    If the Designating Party timely seeks a protective order, the Party served with

2    the subpoena or court order shall not produce any information designated in this

3    action as "CONFIDENTIAL" before a determination by the court from which the

4    subpoena or order issued, unless the Party has obtained the Designating Party's

5    permission.  The Designating Party shall bear the burden and expense of seeking

6    protection in that court of its confidential material and nothing in these provisions

7    should be construed as authorizing or encouraging a Receiving Party in this Action

8    to disobey a lawful directive from another court.

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

10          PRODUCED IN THIS LITIGATION

11    (a) The terms of this Order are applicable to information produced by a Non-

12    Party in this Action and designated as "CONFIDENTIAL."  Such information

13    produced by Non-Parties in connection with this litigation is protected by the

14    remedies and relief provided by this Order.  Nothing in these provisions should be

15    construed as prohibiting a Non-Party from seeking additional protections.

16    (b) In the event that a Party is required, by a valid discovery request, to

17    produce a Non-Party's confidential information in its possession, and the Party is

18    subject to an agreement with the Non-Party not to produce the Non-Party's

19    confidential information, then the Party shall:

20          (1) promptly notify in writing the Requesting Party and the Non-Party

21          that some or all of the information requested is subject to a confidentiality

22          agreement with a Non-Party;

23          (2) promptly provide the Non-Party with a copy of the Stipulated

24          Protective Order in this Action, the relevant discovery request(s), and a

25          reasonably specific description of the information requested; and

26          (3) make the information requested available for inspection by the

27          Non-Party, if requested.

28    ///

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

///

1  product protection, the parties may incorporate their agreement in the stipulated

2  protective order submitted to the court.

3  12.    MISCELLANEOUS

4       12.1 Right to Further Relief. Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6       12.2 Right to Assert Other Objections. By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in

9  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

10  any ground to use in evidence of any of the material covered by this Protective

11  Order.

12       12.3 Filing Protected Material. A Party that seeks to file under seal any

13  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

14  may only be filed under seal pursuant to a court order authorizing the sealing of the

15  specific Protected Material at issue.  If a Party's request to file Protected Material

16  under seal is denied by the court, then the Receiving Party may file the information

17  in the public record unless otherwise instructed by the court.

18  13.    FINAL DISPOSITION

19       After the final disposition of this Action, as defined in paragraph 4, within 60

20  days of a written request by the Designating Party, each Receiving Party must

21  return all Protected Material to the Producing Party or destroy such material.  As

22  used in this subdivision, "all Protected Material" includes all copies, abstracts,

23  compilations, summaries, and any other format reproducing or capturing any of the

24  Protected Material.  Whether the Protected Material is returned or destroyed, the

25  Receiving Party must submit a written certification to the Producing Party (and, if

26  not the same person or entity, to the Designating Party) by the 60 day deadline that

27  (1) identifies (by category, where appropriate) all the Protected Material that was

28  returned or destroyed and (2) affirms that the Receiving Party has not retained any

12

1   copies, abstracts, compilations, summaries or any other format reproducing or

2   capturing any of the Protected Material.  Notwithstanding this provision, Counsel

3   are entitled to retain an archival copy of all pleadings, motion papers, trial,

4   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

5   and trial exhibits, expert reports, attorney work product, and consultant and expert

6   work product, even if such materials contain Protected Material.  Any such archival

7   copies that contain or constitute Protected Material remain subject to this Protective

8   Order as set forth in Section 4 (DURATION).

9   14.    Any violation of this Order may be punished by any and all appropriate

10  measures including, without limitation, contempt proceedings and/or monetary

11  sanctions.

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**PAYNE MITCHELL LAW GROUP**

15  Dated: August 5, 2016          By:    s/ Todd H. Ramsey
                                          Todd H. Ramsey, Esq.
16                                         Attorneys for Plaintiff
                                          **KENNETH A. WADDELL**
17                                         todd@paynemitchell.com

**THE MYERS LAW GROUP, A.P.C.**

21  Dated: August 5, 2016          By:    s/ David P. Myers
                                          David P. Myers, Esq.
22                                         Justin M. Crane, Esq.
                                          Ann Hendrix, Esq.
23                                         Attorneys for Plaintiff
                                          **KENNETH A. WADDELL**
24                                         dmyers@myerslawgroup.com
                                          jcrane@myerslawgroup.com
25                                         ahendrix@myerslawgroup.com

2014-1004

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: August 5, 2016        By:    s/ Andrew N. Kohn
                                    Andrew N. Kohn, Esq.
                                    Lauren E. Bates, Esq.
                                    Attorneys for Defendant
                                    **TREK BICYCLE CORPORATION**
                                    akohn@pettitkohn.com
                                    lbates@pettitkohn.com

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated:____August 8,_2016

Hon. Jay C. Gandhi
United States District/Magistrate Judge

14

STIPULATED PROTECTIVE ORDER
CASE NO. SACV15-02082 DOC (JCGx)

1    Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative

2    Policies and Procedures Manual, I hereby certify that the content of this document

3    is acceptable to Todd H. Ramsey, Esq., counsel for Plaintiff KENNETH A.

4    WADDELL, and that I have obtained Todd H. Ramsey's authorization to affix his

5    electronic signature to this document.

6    I further certify that the content of this document is acceptable to David P.

7    Myers, Esq., counsel for Plaintiff KENNETH A. WADDELL, and that I have

8    obtained David P. Myers' authorization to affix his electronic signature to this

9    document.

10

11    s/ Andrew N. Kohn, Esq.
       Andrew N. Kohn, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2014-1004

STIPULATED PROTECTIVE ORDER
CASE NO. SACV15-02082 DOC (JCGx)

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on July ___, 2016 in the case of *Kenneth Waddell v. Trek Bicycle Corporation, et al.*

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16

2014-1004

1

## CERTIFICATE OF SERVICE

2

I hereby certify that the following document(s):

3

- **STIPULATED PROTECTIVE ORDER**

4

was/were served on this date to counsel of record:

5

[ ] **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

6

7

[ ] **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

8

9

10

[X] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

11

12

13

David P. Myers, Esq.
Justin M. Crane, Esq.
Ann Hendrix, Esq.
THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730
Tel: (909) 919-2027
Fax: (888) 375-2102
Email: dmyers@myerslawgroup.com
jcrane@myerslawgroup.com
ahendrix@myerslawgroup.com
**Attorneys for Plaintiff**
**KENNETH A. WADDELL**

14

15

16

17

18

Todd H. Ramsey, Esq.
PAYNE MITCHELL LAW GROUP
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252-1889
Email: todd@paynemitchell.com
**Attorneys for Plaintiff**
**KENNETH A. WADDELL**

19

20

Executed on August 5, 2016, at San Diego, California.

21

22

23

Sandra K. Lemoine
Teresa B. Saucedo

24

25

26

27

28

2014-1004

STIPULATED PROTECTIVE ORDER
CASE NO. SACV15-02082 DOC (JCGx)